RANDY S. GROSSMAN
Acting United States Attorney
COLIN M. MCDONALD
Assistant U.S. Attorney
California Bar No. 286561
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-9144
Colin.McDonald@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 20-CR-00435-LAB |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT** |
| v. | |
| JUAN CARLOS CABRERA, | |
| Defendant. | Date:  November 15, 2021<br>Time:  3:00 p.m. |

The United States, through its counsel, hereby responds to Defendant's objections to the presentence report, filed in Defendant's sentencing memorandum on November 9, 2021. In the event the Court reaches the objections,[1] they are meritless and should be overruled.

First, Defendant objects to the "characterizations of each factual allegation appended to the descriptions of his convictions." ECF No. 87 at 5. He does not claim that the information in the PSR is factually inaccurate. Instead, he objects on the ground that the factual allegations are "taken from police reports reflecting the hearsay of alleged witnesses and police officers." *Id.*[2] The Ninth Circuit has rejected this exact type of broad objection.

---

[1] Local Rule 32.1(a)(5) requires PSR objections to be filed fourteen days before sentencing. When a party shows good cause for its failure to timely object, it is within the discretion of the court to consider the objection. *See* Fed. R. Crim. P. 32(i)(1)(D) ("At sentencing, the court may, for good cause, allow a party to make a new objection at any time before sentence is imposed."). As of now, the defense has not attempted to establish good cause for the late filing.

[2] Of course, it is well-established that sentencing courts may rely on reliable hearsay at sentencing. "Only when the hearsay is so inadequately supported that the factual basis for believing it is almost nil can it be

In *United States v. Staterau*, 524 F.3d 988 (9th Cir. 2008), the defendant "challenged several paragraphs of his PSR on the ground that the information gathered from police reports contained multiple levels of hearsay." *Id.* at 1012. The defendant "did not deny that the police reports contained the information alleged in the PSR or that the information was factually inaccurate." *Id.* Instead, defendant argued that "law enforcement reports are not generally a reliable source of information." *Id.* Given that, the Ninth Circuit found that the defendant's challenge to the PSR was "not a specific factual dispute about issues affecting the temporal term of sentence but rather a general evidentiary legal challenge to the inclusion of information in the PSR drawn from sources other than the plea agreement." *Id.* Under those circumstances, the district court was not even required to rule on the PSR objections, as ordinarily required for factual objections under Rule 32(i)(3)(B). *Id.*

The same analysis applies here: Defendant does not claim facts in the PSR are inaccurate; rather, he lodges a general evidentiary challenge to the inclusion of hearsay facts in the PSR, without any argument as to why those facts are unreliable or untrue. Notably, nearly identical narratives accompanying Defendant's prior crimes and other criminal conduct were included in his 2015 PSR. *See* Case No. 15-CR-00353-LAB, ECF No. 25. Defendant did not object to the facts in that PSR; rather, he admitted he had "dealt with substance abuse issues involving alcohol and drugs for much of his adult life, which has often fueled the behavior leading to the criminal history detailed in the PSR." *Id.* at ECF No. 33 at 2-3. Defendant's objection should be overruled.

Second, Defendant claims his 2015 illegal reentry conviction in Case No. 15-cr-00353-LAB scores two points, not three. He is wrong. Under Guidelines section 4A1.1, three points are added for any prior sentence exceeding 13 months. U.S.S.G. § 4A1.1. And when assigning points, section 4A1.2(k) instructs courts to combine the term of imprisonment for a revocation of probation with the original term of imprisonment.

---

argued that the evidence should not have been considered." *United States v. Fernandez-Vidana*, 857 F.2d 673, 675 (9th Cir. 1988). The Guidelines explain that this is a low burden: so long as "the information has sufficient indicia of reliability to support its probable accuracy," it may be used to support "any factor important to the sentencing determination." U.S.S.G. § 6A1.3(a).

Here, two terms of imprisonment were imposed in Defendant's 2015 § 1326 case: the original 12-month sentence, and a revocation sentence of approximately 134 days, for a total of over 16 months. *See* PSR ¶ 29; Case No. 15CR00353-LAB, ECF Nos. 34, 47. The BOP's calculation of custody time—which Defendant points the Court to—is irrelevant for Guidelines purposes. *See* USSG § 4A1.2, cmt. n. 2 ("That is, criminal history points are based on the sentence pronounced, not the length of time actually served."). And—contrary to Defendant's assertion—Defendant was "in custody" for 134 days in the revocation proceeding before the time-served sentence was imposed. Indeed, the revocation docket (Case No. 15CR00353-LAB) shows he was arrested on the revocation petition on September 18, 2017; two days later he appeared for his initial appearance on the petition and was ordered detained, *see* ECF No. 40. He remained in custody on the revocation petition until January 29, 2018, at which time a time-served sentence was imposed, *see* ECF No. 47. That same day, the abstract of order releasing Defendant from custody in 15-CR-353-LAB was issued, *see* ECF No. 48. In other words, "time-served" for Defendant meant 134 days, bringing him comfortably over 13 months in total.

Defendant's objections should be overruled.

DATED: November 10, 2021          Respectfully submitted,

                                  RANDY S. GROSSMAN
                                  Acting United States Attorney

                                  */s/ Colin M. McDonald*
                                  COLIN M. MCDONALD
                                  Assistant U.S. Attorney

3